**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **WIRELESS RECOGNITION** | ) | |
| **TECHNOLOGIES LLC,** | ) | |
| | ) | **CIVIL NO.  2:10-CV-00364-TJW-CE** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **A9.COM, INC., AMAZON.COM, INC.,** | ) | |
| **GOOGLE INC., NOKIA, INC., and** | ) | |
| **RICOH INNOVATIONS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MOTION OF DEFENDANTS A9.COM, INC., AMAZON.COM, INC., GOOGLE INC.,
NOKIA INC., AND RICOH INNOVATIONS, INC. TO
TRANSFER TO THE U.S. DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS ................................................................................... 2

    A.   The Defendants ........................................................................................... 2

    B.   Wireless Recognition Technologies ........................................................... 4

    C.   The Patent-In-Suit...................................................................................... 4

    D.   Relevant Third Parties................................................................................ 5

III. THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN
    DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(A) FOR THE
    CONVENIENCE OF WITNESSES AND PARTIES, AND IN THE
    INTERESTS OF JUSTICE........................................................................... 6

    A.   This Action Could Have Been Brought In The Northern District Of
        California ..................................................................................................... 7

    B.   The Private Interest Factors Favor Transfer To The Northern District Of
        California ..................................................................................................... 8

        1.   Northern California Is Home To The Likely Sources Of Proof ................. 8

        2.   Compulsory Process Is Available In California......................................... 11

        3.   The Northern District Of California Is More Convenient For
            Willing Third-Party And Party Witnesses .................................. 12

        4.   On The Whole, A Trial In Northern California Will Be Easier And
            Less Expensive........................................................................... 13

    C.   The Public Interest Factors Favor Transfer To The Northern District Of
        California ..................................................................................................... 14

IV.  CONCLUSION................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Brackett v. Hilton Hotels Corp.*,
  619 F. Supp. 2d 810 (N.D. Cal. 2008) .......................................................................... 11

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947) ....................................................................................................... 6

*Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010) ............................................................................................. 1, 10

*In re Acer America Corp.*,
  Misc. Docket No. 384, 2010 U.S. App. LEXIS 24678 (Fed. Cir. Dec. 3, 2010) ............ 14

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ...................................................................................... 8

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) .................................................................................... 14

*In re Microsoft Corp.*,
  Misc. Docket No. 944, 2010 U.S. App. LEXIS 23121 (Fed. Cir. Nov. 8, 2010) .............. 7

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) ...................................................................................... 9

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) .................................................................................... 12

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ............................................................................... 6, 7, 12

*In re Volkswagen of America, Inc.*,
  545 F.3d 304 (5th Cir. 2008) .......................................................................................... 6

*In re Zimmer Holdings, Inc.*,
  609 F.3d 1378 (Fed. Cir. 2010) ......................................................................... 1, 6, 8, 10

*Neil Brothers v. World Wide Lines, Inc.*,
  425 F. Supp. 2d 325 (E.D.N.Y. 2006) ............................................................................ 8

*On Semiconductor Corp. v. Hynix Semiconductor, Inc.*,
  No. 6:09-CV-390, 2010 U.S. Dist. LEXIS 104616 (E.D. Tex. Sept. 30, 2010) ................ 7

## **STATUTES**

28 U.S.C. § 1391(b) .................................................................................................................. 8

28 U.S.C. § 1391(c) .................................................................................................................. 8

28 U.S.C. § 1400(b) ............................................................................................................... 7, 8

28 U.S.C. § 1404(a) ............................................................................................................ passim

## **TREATISES**

Federal Rule of Civil Procedure 45(b)(2)(C) ........................................................................ 11

Local Rule CV-7(g) ................................................................................................................. 15

## I.    INTRODUCTION

A case should be tried in a forum that is the most convenient, preferably in the district where the majority of the key witnesses, defendants, and evidence will be found.  In this case, a majority of the accused products were developed in Northern California, by companies headquartered in Northern California, and by employees that live in Northern California.  Not surprisingly, the vast majority of evidence and witnesses fall within the jurisdiction of the Northern District of California.  But this case was filed in the Eastern District of Texas, a venue in which no known witnesses reside, no defendants are found, and that is unlikely to contain any relevant evidence.  Not even the named plaintiff has a meaningful connection to this district.

The Supreme Court has cautioned that courts must guard against efforts to manipulate our nation's laws governing jurisdiction and venue.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1188 (2010).  A plaintiff cannot, as a product of litigation, establish an ephemeral presence in order to haul non-resident defendants and witnesses to a distant and inconvenient forum of its choosing.  *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010).  But that is exactly what the plaintiff in this case has attempted to do.  Organized under Texas law just months before bringing this suit, and mere days after being assigned the rights to the patent at issue, Wireless Recognition Technologies, LLC ("WRT") is not known to have any employees in the Eastern District of Texas.  Other than maintaining this lawsuit, WRT is not known to have any actual business activities in Texas.  WRT's very existence was established for the purpose of litigation by yet another California company, Acacia Patent Acquisitions, LLC ("Acacia").

As set forth in greater detail below, the Northern District of California is clearly a more convenient venue for the resolution of this dispute than the Eastern District of Texas.  Therefore,

Defendants respectfully request that this case be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## II.     STATEMENT OF FACTS

### A.     The Defendants

The five named defendants in this action are recognized leaders in search technology, mobile applications, and consumer electronics.  WRT alleges that mobile software applications made available on the Internet by each of the five named defendants infringe the patent-in-suit.

Google Inc. ("Google") is a publicly traded Delaware corporation with its principal place of business in Mountain View, California.  (Ex. A (Wagner Decl.) at ¶ 3.)  Google's Mountain View campus houses the majority of Google's developers, including some of the employees responsible for the development of the "Google Goggles" and "Google Shopper" features that are accused of infringement.  (*Id*. at ¶ 3; Ex. B (Petrou Decl.) at ¶ 5; Ex. C (Hung Decl.) at ¶ 5.)  Additional Google developers responsible for the development of portions of the accused features are located in Southern California, New York, New York and Waterloo, Canada.  (Ex. B at ¶ 5; Ex. C at ¶5.)   None are located in Texas.  (Ex. A at ¶ 4; Ex. B at ¶ 6; Ex. C at ¶ 6.)  Additionally, many of the documents related to and the source code for those accused features are in Mountain View.  (Ex. B at ¶ 7; Ex. C at ¶ 7.)  Mountain View is located in the Northern District of California.

A9.com, Inc. ("A9") is a wholly-owned subsidiary of Amazon.com, Inc. ("Amazon"), and is responsible for the research and development that led to A9's accused SnapTell application.  (Ex. D (Ramkumar Decl.) at ¶¶ 4-5.)   A9 is a Delaware corporation with its principal place of business in Palo Alto, California.  (*Id*. at ¶ 6.)  The majority of A9's staff, including the individuals responsible for the development of the accused SnapTell mobile

2

application, works in Palo Alto.  (*Id*. at ¶¶ 2, 4-6.)  A9 is also responsible for the development of the visual search functionality used by the accused Amazon Remembers feature.  (*Id*. at ¶ 8.) Thus, the majority of the witnesses and majority of the documentation related to the accused A9 and Amazon products are located in Palo Alto, California.  (*Id*. at ¶¶ 2, 4-7.)  Palo Alto is located in the Northern District of California.

Ricoh Innovations, Inc. ("RII") is a California corporation with a principal place of business in Menlo Park, California.  (Ex. E (Ridout Decl.) at ¶ 3.)  All of RII's facilities, including its Menlo Park office, are located in the Northern District of California.  (*Id*. at ¶ 4.) The employees, documents, and source code relevant to the design, development, functionality, operation, and maintenance of the French Rev and DriveTube mobile applications accused of infringement by WRT are in the Northern District of California or outside of the United States. (*Id*. at ¶¶ 6-8.)  Marketing and financial information relating to the French Rev and DriveTube applications is located in Menlo Park.  (*Id*. at ¶ 9.)  Third-party consultants who were involved in design or development of the accused applications are located in the Northern District of California or outside of the United States.  (*Id*. at ¶ 6.)

Nokia Inc. is a Delaware corporation with its principal place of business in White Plains, New York.  (Ex. F (Crowley Decl.) at ¶ 2.)  Nokia Inc. is an indirect subsidiary of Nokia Corp., which is a publicly held Finnish corporation with a principal place of business in Espoo, Finland. (*Id*. at ¶ 3.)  The majority of the research and development of the Nokia Point & Find application, which WRT has accused of infringement, took place in Silicon Valley, California. (*Id*. at ¶ 4.)  The Nokia employees that are most knowledgeable about the functionality of the accused Point & Find application are located in Silicon Valley, which is in the Northern District of California.  (*Id*. at ¶ 5.)  In addition, the technology for the Nokia Point & Find application

stemmed from Nokia's acquisition of a startup company called Pixto, which was also located in Silicon Valley, California.  (*Id*. at ¶ 4.)

No defendant is a Texas corporation and no defendant has its principal place of business in Texas.  Defendants are not aware of any potential witnesses, or other sources of proof within the Eastern District of Texas.  (*See*, *e.g.*, Ex. A at ¶ 5; Ex. D at ¶ 9.)

**B.     Wireless Recognition Technologies**

Wireless Recognition Technologies, LLC is a Texas limited liability corporation, formed on June 24, 2010, less than three months before this litigation was filed.  (Ex. G (WRT Certificate of Formation).)  WRT's Certificate of Formation indicates that its registered address is outside this District:  515 Congress Ave., Suite 2300, Austin, Texas 78701.  (*Id*.)  Since its formation, WRT has not listed any address with the Secretary of State that is located within this judicial District.  WRT's corporate filings indicate that it does not have any managers; instead, it is governed by Acacia, which is based in Newport Beach, California.  (*Id*.)

In its complaint, WRT avers its principal place of business is 6136 Frisco Square Blvd., Suite 400, Frisco, Texas 75034.  (Dkt. No. 1 at ¶ 2.)  That address, however appears to belong to Regus, a provider of "virtual office" locations and rental meeting rooms.  (Ex. H (Frisco Square tenant listing).)  WRT is not listed as a tenant at that location, and does not appear in the building directory.  (*Id*.)

**C.     The Patent-In-Suit**

WRT's complaint alleges that each defendant separately infringes unspecified claims of U.S. Patent No. 7,392,287 ("the '287 patent").  (*See* Dkt. No. 1 at ¶¶ 15, 21, 27, 33, 39.)  The '287 patent is titled "Method and Apparatus for Sharing Information Using a Handheld Device," lists Raymond ("Trey") F. Ratcliff, III as the sole inventor, and indicates that it was issued on

June 24, 2008.  (Ex. I ('287 Patent).)  The patent lists Hemisphere II Investment LP of Florida as the Assignee.  (*Id*.)  The assignment records of the United States Patent Office indicate that the '287 patent was reassigned to C Square Communications LLC of West Palm Beach, Florida, in May 2010.  (Ex. J (USPTO Patent Assignment Abstract of Title).)  On August 4, 2010, the patent was reassigned to Acacia of Newport Beach, California.  (*Id*.)  The patent was assigned to WRT on September 9, 2010 — little more than a week before WRT filed this litigation.  (*Id*.)  The Patent Office assignment records list WRT's address in Austin — outside of this District.  (*Id*.)

### D.    Relevant Third Parties

Defendants are not aware of any relevant third parties within the Eastern District of Texas.  (Ex. B at ¶ 6; Ex. C at ¶ 6; Ex. E at ¶ 6.)

While numerous attorneys participated in the prosecution of the application that led to the '287 patent, the original application was filed by John F. Griffith, who currently resides in the Northern District of California.  (Ex. K (Declaration of Power of Attorney); Ex. L (identifying John F. Griffith as an attorney with Weaver Austin Villeneuve & Sampson LLP in Oakland).) Defendants have been unable to identify any attorneys that participated in the prosecution of the '287 patent that reside in the Eastern District of Texas.

Raymond Ratcliff, III, the named inventor of the '287 patent, resides in Austin, Texas. (Ex. M (excerpt of Ratcliff address record).)  Prior Assignees of the '287 patent are located in West Palm Beach, Florida.  (Ex. J.)  On information and belief, Mr. Frank Benevento of Hemisphere, located in West Palm Beach, may be knowledgeable regarding the prosecution, valuation, and transactions involving the '287 patent.

III.    **THIS ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a) FOR THE CONVENIENCE OF WITNESSES AND PARTIES, AND IN THE INTERESTS OF JUSTICE**

Section 1404(a) provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This provision exists, at least in part, to prevent plaintiffs from engaging in abusive forum selection efforts that result in inconvenience to defendants, witnesses, or the judicial system.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) [hereinafter *Volkswagen II*] ("The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a).");  *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947).  "[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."  *Volkswagen II*, 545 F.3d at 313.  Under Fifth Circuit precedent, a prerequisite for analysis under Section 1404(a) is showing that the action "might have been brought" in the destination venue.  Thereafter, a district court must evaluate private and public interest factors to determine whether the requested transfer should be granted for the convenience of the parties and witnesses, and is in the interest of justice.  *Id.* at 315; *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*]; *see also Gulf Oil Corp.*, 330 U.S. at 507.

Under the standard set forth in 28 U.S.C. § 1404(a), as interpreted by the Fifth and Federal Circuits, this case should be transferred to the District Court for the Northern District of California.  No party is based in the Eastern District of Texas; not even the plaintiff maintains property, employees, or managers in this District.  Any presence within this District is recent and ephemeral, and a product of litigation.  *Zimmer*, 609 F.3d at 1381; *In re Microsoft Corp.*, Misc.

Docket No. 944, 2010 U.S. App. LEXIS 23121, at *8 (Fed. Cir. Nov. 8, 2010).  On the other hand, Northern California is home to three of the five named defendants, and to a majority of the employees with knowledge of the accused products.  WRT's parent corporation is located in California, where documents relevant to the valuation of the patent-in-suit are likely located. The private and public interest factors demonstrate that the Northern District of California is the proper venue for this action.

### A.    This Action Could Have Been Brought In The Northern District Of California

As a threshold inquiry, it must be shown that the claim could have been filed in the requested district.  *E.g.*, *Volkswagen I*, 371 F.3d at 203; *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 U.S. Dist. LEXIS 104616, at *9 (E.D. Tex. Sept. 30, 2010).  It is beyond dispute that this action could have been brought in the Northern District of California.  Under 28 U.S.C. § 1400(b), an action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  A corporate entity is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  *See* 28 U.S.C. § 1391(c).  To the extent that WRT alleges that an "Internet presence" and online availability of alleged infringing products creates jurisdiction in the Eastern District of Texas, jurisdiction in California is appropriate for the same reasons.  Each of the accused products was available for download in California at the time that this suit was filed.

This case, therefore, could have been brought in the Northern District of California.  *See* 28 U.S.C. §§ 1391(b); 1400(b).[1]

### B.    The Private Interest Factors Favor Transfer To The Northern District Of California

The Fifth Circuit has identified four private interest factors:  "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Volkswagen II*, 545 F.3d at 315. Because this case principally involves parties, witnesses, and evidence located in Northern California, the private interest factors overwhelmingly favor transfer.  Notably, the plaintiff's choice of forum is not a separate factor under a Section 1404(a) analysis.  *Id.* at 314 n.10.

### 1.    Northern California Is Home To The Likely Sources Of Proof

In patent infringement cases, the location of a defendant's documents is afforded considerable weight in a venue analysis because the bulk of relevant evidence generally comes from the defendant.  *See Zimmer*, 609 F.3d at 1382; *Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.") (quoting *Neil Bros. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)).  The Federal Circuit has also recognized that the location of an accused infringer's research and development facility is of particular relevance.  *See*, *e.g.*, *In re Nintendo*

---

[1]  There is no requirement that the transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009).

*Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009).  The Northern District of California is home to the corporate headquarters of A9 and RII, where each houses the majority of materials that are likely to be relevant in this case.  (Ex. D at ¶¶ 2, 7-8; Ex. E at ¶¶ 3-4, 7-8.)  The Northern District of California is also home to the corporate headquarters of Google, where employees and documentation relevant to the accused Google features are located.  (Ex. A at ¶¶ 3-4; Ex. B at ¶¶ 5, 7; Ex. C at ¶¶ 5, 7.)  The Northern District of California is also where A9 and RII's research and development efforts relevant to the case are centered.  (Ex. D at ¶¶ 4-7; Ex. E at ¶¶ 4, 6-9.)  A9 serves as Amazon's research and development arm for search technology, including the "visual search" technology that is accused in this action.  (Ex. D at ¶ 8.)  As such, a great deal of the witnesses and documents likely to be relevant to Amazon are also located in the Northern District of California.  Similarly, since the bulk of the research and development of the accused Nokia Point & Find application took place in Silicon Valley, California, the majority of documents and information related to the accused technology are located there.  (Ex. F at ¶¶ 4, 6.)

Documents in the possession of third parties also weigh in favor of transfer to California.  Northern California is the location of consultants who have worked with RII on developing its products.  (Ex. E at ¶ 6.)  And the attorney who filed the application that led to the '287 patent is located in the Northern District of California.  (Ex. K; Ex. L (identifying John F. Griffith as an attorney with Weaver Austin Villeneuve & Sampson LLP in Oakland).)

More generally, California is home to more evidence than Texas.  California is also home to non-party Acacia, the parent corporation of WRT.  Acacia acquired the '287 patent in May 2010, was responsible for the formation of WRT, and subsequently assigned its patent rights to

WRT.  Evidence relevant to the acquisition and valuation of the '287 patent are likely located at Acacia in California.  (Ex. G.)

In stark contrast, the Eastern District of Texas houses no party, no known witnesses, and no known physical evidence.[2]  WRT's June 2010 Certificate of Formation lists Austin, Texas as its registered office.  (Ex. G.)  And the Frisco address provided in WRT's pleadings is home not to WRT, but to Regus — a "virtual office."  (Ex. H.)  Presence that is recent, ephemeral, or an artifact of litigation does should not be considered under a Section 1404(a) analysis.  *See Zimmer*, 609 F.3d at 1381 (citing *Hertz*, 130 S. Ct. at 1195 (urging courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempts at manipulation)).  This factor, therefore, clearly weighs in favor of transfer to the Northern District of California.

The facts in this case are similar to the facts in *Optimum Power Solutions LLC v. Apple, Inc*, in which this Court granted a motion to transfer the case to the Northern District of California.  *See Optimum Power Solutions*, Memorandum and Order, Case No. 6:10cv61 (E.D. Tex. Feb. 22, 2011) (attached as Ex. N).  As the Court noted in that case, the plaintiff "was formed in Frisco, Texas, in the Eastern District of Texas, a few weeks before bringing the suit. Although [the plaintiff's] principal place of business is in Frisco, it has no employees or documents in Texas.  [The plaintiff's] parent company, Acacia, who acquired the patent and

---

[2]  Ex. A at ¶¶ 4-5 (no Google witnesses or documents related to the accused Google products are located in the Eastern District of Texas); Ex. B at ¶ 6 (same); Ex. C at ¶ 6 (same); Ex. D at ¶ 9 (no A9 or Amazon witnesses or documents related to the accused A9 and Amazon products are located in the Eastern District of Texas); Ex. F at ¶ 7 (no Nokia employees, potential witnesses, or documents related to the accused Nokia Point & Find application are located within the Eastern District of Texas); Ex. E at ¶¶ 6-12 (no relevant RII employees, potential witnesses or documents in the Eastern District of Texas).

transferred it to [the plaintiff], is located in Newport Beach, California." *Id.* at p. 1. Given the lack of any witnesses or documents in the Eastern District of Texas, as well as the presence of numerous defendants and witnesses in the Northern District of California, this Court granted the motion. (*Id.* at pp. 7-8.)

### 2.      Compulsory Process Is Available In California

The testimony of several non-party witnesses, including former employees and other third parties, may play a role in this litigation. A number of these individuals are located in Northern California and are subject to the Northern District of California's absolute subpoena power. These include the attorney who filed the original patent application and two consultants who helped develop the accused RII applications. (Ex. E at ¶ 6.) While the Northern District of California can compel these individuals to testify at deposition and trial, the Eastern District of Texas can do neither. Moreover, any federal district court in California has subpoena power throughout the state under Federal Rule of Civil Procedure 45(b)(2)(C) and applicable state service laws. *See Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 821 (N.D. Cal. 2008) ("The California district courts have the power to subpoena witnesses throughout the state pursuant to FRCP 45(b)(2)(C), which provides that a subpoena may be served anywhere within the state of the issuing court if a state statute allows statewide service. Section 1989 of the California Code of Civil Procedure is the state statute authorizing such service."). Therefore, the Northern District of California would have the power to command any non-party Acacia witnesses located in Southern California to attend trial in the Northern District.

By contrast, Defendants know of no non-party witnesses within the absolute subpoena power of the Eastern District of Texas. This factor also weighs in favor of transfer.

### 3. The Northern District Of California Is More Convenient For Willing Third-Party And Party Witnesses

California is clearly more convenient for the witnesses likely to be called upon to testify in this matter — simply put, "it is more convenient for witnesses to testify at home." *Volkswagen II*, 545 F.3d at 317.  Many of the developers responsible for the accused SnapTell application, the visual search engine for the accused Amazon features, the accused RII French Rev and DriveTube applications, and the accused Nokia Point & Find application are located in the Northern District of California.  (Ex. D at ¶¶ 4-6, 8; Ex. F at ¶ 5; Ex. E at ¶ 6.)  Individuals responsible for the accused Google mobile applications are also located in the Northern District of California, as well as other cites, but none are located in the Eastern District of Texas.  (Ex. B at ¶¶ 5-6; Ex. C at ¶¶ 5-6.)  The Northern District of California is also more convenient than the Eastern District of Texas for other non-party and willing witnesses that do not reside in California.

The Fifth Circuit applies a 100-mile rule in evaluating witness convenience:  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *See Volkswagen I*, 371 F.3d at 204-05; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("The district court's disregard of the 100-mile rule constitutes clear error.").  The San Francisco Division of the U.S. District Court for the Northern District of California is located a mere 14 miles from San Francisco International Airport (SFO), making it a far more convenient location than Marshall, Texas for distant witnesses (including Amazon employees based in Washington State, Nokia employees

based in Finland, and other willing witnesses).[3]  Direct flights to San Francisco are also available from most major U.S. and international cities.  By contrast, Marshall's courthouse is a two-hour drive from the Dallas Fort-Worth airport.

In contrast, not a single witness has been identified within 100 miles of Marshall.  This factor also favors transfer to the Northern District of California.

> **4.    On The Whole, A Trial In Northern California Will Be Easier And Less Expensive**

Three of the five named defendants are headquartered in Silicon Valley, where a majority of their employees and documents are located.  (Ex. A at ¶ 4; Ex. D at ¶¶ 2, 7; Ex. E at ¶¶ 4-12.) As to Amazon, the relevant image search functionality in the accused Amazon Remembers feature relies primarily on technology that was developed by engineers at A9 and predecessor SnapTell in Palo Alto, California.  (Ex. D at ¶ 8.)  For Nokia, the majority of their employees and documents related to the accused Point & Find technology are also located in Silicon Valley, California.  (Ex. F at ¶ 5.)[4]  And filings with the Texas Secretary of State indicate that the entity and organization responsible for WRT is also based in California.  WRT does not appear to have any personnel or meaningful contacts with Texas — the Austin addresses provided in WRT's Certificate of Formation is the address of Registered Agent Solutions, Inc.; the Frisco address provided in WRT's complaint is the address of a Regus "virtual office" facility.  (Ex. G.)

---

[3]  Likewise, the San Jose Division is less than five miles from San Jose International Airport, and less than an hour drive or train ride from SFO.

[4]  Only four out of 24 individuals, including contractors, currently involved with the Nokia Point & Find technology are located outside of the Northern District of California.  Those four individuals are in Finland and the United Kingdom, and travel from those countries to the Bay Area is easier and less expensive than travel to the Eastern District of Texas.

**C.      The Public Interest Factors Favor Transfer To The Northern District Of California**

The Fifth Circuit has also identified four public interest factors to be evaluated in the context of a motion to transfer:   "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Volkswagen II*, 545 F.3d at 315.  The "local interest" factor is of particular relevance to this action, and weighs heavily in favor of transfer to the Northern District of California.  *Id*. at 317.

"While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Acer Am. Corp*., Misc. Docket No. 384, 2010 U.S. App. LEXIS 24678, at *9 (Fed. Cir. Dec. 3, 2010) (citing *In re Hoffmann-La Roche Inc*., 587 F.3d 1333, 1338 (Fed. Cir. 2009)). Unlike the Eastern District of Texas, the Northern District of California has a localized interest in this matter.  The companies alleged to infringe the '287 patent are concentrated in the Northern District of California.  This action calls into question the work and reputation of these companies and their employees, a majority of whom are residents of California; no other district has a more compelling interest in this matter.  *Hoffmann-La Roche*, 587 F.3d at 1336.

The court congestion factor also favors transfer to the Northern District of California. This Court has set a trial date of December 2, 2013, approximately 33 months from now.  The 2009 Federal Court Management Statistics for the Northern District of California indicate and average of 24.5 months from filing to trial for civil cases in that district.  (Ex. O (U.S. District Court – Judicial Caseload Profile for the Northern District of California).)

The remaining public interest factors have little relevance to the issues to be decided in this case.  There are no perceived conflict of laws issues that render a particular district more suitable, and each district is served by members of the judiciary that are adept at conducting trials involving the patent laws.

Taken together, these public interest factors also favor transfer.  WRT itself lacks any meaningful ties to the Eastern District of Texas.  And based on the allegations in WRT's complaint — the presence of allegedly infringing software products distributed throughout the United States via the Internet — the "citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue."  *TS Tech*, 551 F.3d at 1321.  Transfer to the Northern District of California is warranted because that district has meaningful connections to this case.[5]

## IV.     CONCLUSION

This Court should not bear the burden of deciding a case to which the citizens of this district have no meaningful contact.  Instead, this case should be heard in the venue where a majority of the defendants, likely witnesses, and evidence are located.  In accordance with 28 U.S.C. § 1404(a), the Court should transfer this case to the Northern District of California.  To the extent that it would assist the Court, oral argument is requested under Local Rule CV-7(g).

---

[5]  WRT asserted a related patent against the same Defendants in another suit in this District. (Civil Action No. 2:10-cv-577.)  WRT also asserted those two patents against foreign Nokia and Ricoh entities in two other lawsuits in this District.  (Civil Action Nos. 2:10-cv-365 and 2:10-cv-578.)  The Defendants intend to file similar motions to transfer those cases to the Northern District of California for the same reasons noted above, and to preserve judicial economy.

Dated:  March 23, 2011                    Respectfully submitted,


                                          By: _____/s/  Michael C. Smith_____
                                               Michael C. Smith
                                               Texas State Bar No. 18650410
                                               SIEBMAN, BURG, PHILLIPS & SMITH, LLP
                                               P.O. Box 1556
                                               Marshall, TX  75671-1556
                                               Telephone:  903.938.8900
                                               Facsimile:  972.767.4620
                                               E-mail:  michaelsmith@siebman.com


                                               James F. Valentine (admitted *pro hac vice*)
                                               California State Bar No. 149269
                                               Daniel T. Shvodian (admitted *pro hac vice*)
                                               California State Bar No. 184576
                                               PERKINS COIE LLP
                                               3150 Porter Dr.
                                               Palo Alto, CA  94304
                                               Telephone:  650.838.4300
                                               Facsimile:  650.838.4350
                                               E-mail:  JValentine@perkinscoie.com
                                               E-mail:  DShvodian@perkinscoie.com


                                               *Attorneys for Defendants and Counterclaimants*
                                               A9.COM, INC., AMAZON.COM, INC., and
                                               GOOGLE INC.

16

By: _____/s/  Michael C. Smith_____
    Michael C. Smith
    Texas State Bar No. 18650410
    SIEBMAN, BURG, PHILLIPS & SMITH, LLP
    P.O. Box 1556
    Marshall, TX  75671-1556
    Telephone:  903.938.8900
    Facsimile:  972.767.4620
    E-mail:  michaelsmith@siebman.com

    Robert F. Perry (admitted *pro hac vice*)
    Allison H. Altersohn (admitted *pro hac vice*)
    KING & SPALDING LLP
    1185 Avenue of the Americas
    New York, NY  10036
    Telephone:  212.556.2100
    Facsimile:  212.556.2222
    E-mail:  rperry@kslaw.com
    E-mail:  aaltersohn@kslaw.com

    *Attorneys for Defendant*
    NOKIA INC.


By: _____/s/  Michael E. Jones_____
    Michael E. Jones
    Texas State Bar No. 18650410
    Allen Franklin Gardner
    POTTER MINTON P.C.
    110 N. College, Suite 500
    P.O. Box 359
    Tyler, TX  75710-0359
    Telephone:  903.597.8311
    Facsimile:  903.593.0846
    E-mail:  mikejones@potterminton.com
    E-mail:  allengardner@potterminton.com

Mark D. Rowland (admitted *pro hac vice*)
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA  94303-2284
Telephone:  650.617.4016
Facsimile:   650.566.4144
Email:  mark.rowland@ropesgray.com

*Attorneys for Defendant and Counterclaimant*
RICOH INNOVATIONS, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this 23rd day of March, 2011.

*/s/ Michael C. Smith*
Michael C. Smith

## <u>CERTIFICATE OF CONFERENCE</u>

On March 8, 2011, pursuant to Local Rule CV-7(h), and on behalf of the Defendants filing this motion, Michael Smith, Daniel Shvodian and James Valentine, counsel for Defendants A9.com, Inc., Amazon.com, Inc., Google Inc., Michael Smith and Allison H. Altersohn, counsel for Nokia Inc., and Mark D. Rowland, counsel for Ricoh Innovations, Inc., contacted Plaintiff's counsel, Cameron H. Tousi, regarding Defendants' Motion to Transfer Venue to the U.S. District Court for the Northern District of California Pursuant to 28 U.S.C. § 1404(a), and Plaintiff opposes said motion.

Dated:  March 23, 2011

*/s/ Michael C. Smith*
Michael C. Smith
